| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK | | |
|---|---|---|
| ------------------------------------------------------------ | x | |
| ARTHUR STEINBERG as Receiver of Sagram Capital Management Corp., et al.,<br><br>Plaintiffs,<br><br>-against-<br><br>MENACHEM IVCHER, et al.,<br><br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | **ORDER DISMISSING CASE**<br><br>05 Civ. 5482 (AKH) |
| ------------------------------------------------------------ | x | |

ALVIN K. HELLERSTEIN, U.S.D.J.:

On December 10, 2001, the Securities and Exchange Commission filed an action in this court, No. 01 Civ. 11282, against Yehuda Shiv and others. Arthur Steinberg was appointed Receiver for Sagam Management and Sagam Capital, Shiv's companies, and he took action, including the filing of lawsuits to conserve the assets of Shiv in these companies and others, and cause such assets to be returned to the receivership from various places and entities into which they had been diverted. See Steinberg v. Ivcher, No. 05 Civ. 5482 (S.D.N.Y. filed June 9, 2005).

On July 29, 2005, I filed an Opinion and Order resolving various issues and referring others to be litigated in the New York Supreme Court, New York County, together with related actions that had been brought in that court. S.E.C. v. Yehuda Shiv, et al., No. 01 Civ. 11282, (S.D.N.Y. July 29, 2005). Litigation proceeded on all those claims in the Supreme Court. No further proceedings took place in this court.

1

Steinberg's case, however, was not dismissed. At the parties' urging, Steinberg's claims, along with third party claims, remained in this court – specifically, third-party claims by Bank Julius Baer & Co., Ltd. ("Baer") against Menachem Ivcher, Jennifer Ivcher, AL Management Corp., Electric Holdings, Inc., Sydney Plastics, Inc., and AmeriPackaging Inc. (collectively "Ivcher Group"), and third-party counterclaims by these defendants against Baer.

In October of this year, since there had been no proceeding for some time, I called the receiver, Arthur Steinberg, and asked him if there was any reason to continue my jurisdiction over the case. I instructed that he should advise anyone interested to show cause as to why my jurisdiction should continue, failing which the litigation, and all claims therein, would be dismissed.

Arthur Steinberg, the Receiver, stated no objections, and informed me that in February 2008, he had settled his claims with Baer, receiving from it a substantial sum of money and conveying, in exchange, an assignment of all the Receiver's claims to Baer. Baer also stated that it had no objection to a dismissal.

The Ivcher Group, as third-party counterclaimants against Baer, demands, however, as a condition of dismissal, that this court impose costs on Baer. I decline to do so. The merits between the parties are disputed, and litigation between them is ongoing in the Supreme Court. There has been no showing of any costs or expenses incurred in this court, nor any parties' impropriety in maintaining the form of litigation in this court.

The Ivcher Group also requests a second condition, that Baer consent to removal of the case to the Supreme Court. No reason to do so is given, other than the existence of ongoing litigation in the Supreme Court. Since no good justification is

advanced, and the interested parties are not precluded from initiating or continuing claims and litigation in the Supreme Court, I decline to add the condition requested.

In its letter of November 3, 2008, Baer brought to my attention that the Supreme Court granted its motion to dismiss the Ivcher Group's claims on the grounds of ineffective service of process. According to Baer, the Supreme Court found that Baer no longer conducts business within the proper jurisdiction. Baer has concerns that an order from this court to remove would require Baer to consent to being sued in state court. Such consent would, in essence, undo the successful motion to dismiss. These alleged facts do not affect my reasoning or ruling contained within this order.

Accordingly, I order this lawsuit, and all claims, counterclaims and third-party claims and counterclaims dismissed, without prejudice and without costs. The Clerk shall mark the file closed.

SO ORDERED.

Dated:    November 7, 2008
           New York, New York

                                      ALVIN K. HELLERSTEIN
                                      United States District Judge